THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILL KLENOTA,<br><br>                Plaintiff,<br><br>    v.<br><br>VANDERBILT MORTGAGE AND FINANCE INC, ANTHONY N. PAGONES and JANE DOE PAGONES, and the marital community thereof; and WINDERMERE REAL ESTATE CO., a corporation,<br><br>                Defendants.<br><br>VANDERBILT MORTGAGE AND FINANCE, a corporation,<br><br>                Third-Party Plaintiff,<br><br>    v.<br><br>ANTHONY N. PAGONES and JANE DOE PAGONES, and the marital community thereof; and WINDERMERE REAL ESTATE CO., a corporation,<br><br>                Third-Party Defendants. | CASE NO. C15-0789-JCC<br><br>ORDER REMANDING CASE |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 29), Defendant Vanderbilt's Response (Dkt. No. 36), and Plaintiff's Reply (Dkt. No. 43). Having

thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion and REMANDS the above-captioned matter to the King County Superior Court for the reasons explained herein.

## I. BACKGROUND

Plaintiff Jill Klenota brought the above-captioned matter against Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF") in King County Superior Court on April 23, 2015 alleging that she suffered injury when she fell on property owned by VMF. (Dkt. No. 1-1 at 5–6.) VMF removed the case to this Court. (Dkt. No. 1.) The basis for removal was diversity jurisdiction; Plaintiff Klenota is a Washington resident and VMF is a Tennessee corporation with its principal place of business in Tennessee. (*Id.*)

During discovery, it was determined that VMF's real estate agent, Anthony Pagones, as well as his company, Windermere Real Estate Co., provided Ms. Klenota permission to be on the property. (Dkt. No. 11 at 4.) VMF asserted that this permission was given outside the scope and course of Mr. Pagones's agency and that, accordingly, Mr. Pagones and Windermere would share any liability attributed to VMF. (*Id.*). Accordingly, the parties submitted a stipulated motion to add a Third-Party Complaint against Mr. Pagones and Windermere, which the Court granted. (*Id.*; *see also* Dkt. Nos. 14 and 15.) Subsequently, Ms. Klenota brought a motion to amend her complaint to add first-party claims against Mr. Pagones and Windermere. (Dkt. No. 18.) VMF did not oppose her motion, and the Court granted it. (Dkt. No. 23.)

## II. DISCUSSION

### A. Standard of Review

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and at removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject-matter jurisdiction or for defects in the removal procedure.

28 U.S.C. § 1447(c). Although there are time limits on most bases for objecting to removal, a challenge to this Court's subject-matter jurisdiction may be brought at any time. 28 U.S.C. § 1447(c).

### B. Complete Diversity

Diversity of citizenship requires that the matter in controversy exceed $75,000 and that all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity"—*i.e.*, that each plaintiff is diverse from each defendant. *Teledyne v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1990). The inclusion of Defendants Pagones and Windermere—each Washington citizens—defeats complete diversity in this case as Ms. Klenota is also a Washington citizen. (Dkt. No. 15 at 4.)

In opposition to Plaintiff's motion to remand, VMF argues that the Court should dismiss Ms. Klenota's claims against Mr. Pagones and Windermere or revisit its decision to join them. (Dkt. No. 36 at 5.) However, as Ms. Klenota pointed out, the time to raise this legal argument would have been in opposition to her motion to amend, not now. Moreover, VFM was the first party to assert that Mr. Pagones's involvement "is central to the facts and legal issues at hand" in this case. (Dkt. No. 11 at 5.) The Court is not persuaded by VFM's efforts to now assert otherwise in an effort to prevent remand.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 29) is GRANTED. The Clerk of the Court is directed to remand this case to King County Superior Court.

//
//
//
//
//
//

1    DATED this 30th day of December 2015.

*[signature]*

John C. Coughenour  
UNITED STATES DISTRICT JUDGE

ORDER REMANDING CASE  
PAGE - 4